**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| BRIAN P. FROELICH, | CIVIL ACTION NO. 09-2767 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| SEQUOIA LEISURE HOLDINGS, INC., et al., |  |
| Defendants. |  |

**THE PLAINTIFF** bringing this action on June 5, 2009, against defendants, Sequoia Leisure Holdings, Inc. ("Sequoia") and David A. Marshall ("Marshall"), to recover damages for, inter alia, breach of contract (dkt. entry no. 1, Compl.); and plaintiff alleging that (1) Marshall was a shareholder and owner of Sequoia, (2) Sequoia was the sole owner of Bogar, Inc. d/b/a Happy Vacations ("Bogar"), (3) plaintiff agreed to make a loan to Marshall, Bogar, and Sequoia, (4) after plaintiff made the loan, Sequoia and Bogar executed a promissory note in favor of plaintiff "evidencing a loan from [plaintiff] to Sequoia and Bogar in the amount of $500,000" ("Note"), (5) Marshall guaranteed the Note ("Guarantee"), (6) Sequoia and Bogar defaulted on the Note, and (7) Marshall defaulted on the Guarantee (id. at 2-7); and

**IT APPEARING** that Bogar filed a Voluntary Bankruptcy Petition pursuant to Chapter 11 of the Bankruptcy Code

("Petition") in the United States Bankruptcy Court for the Northern District of California ("Bankruptcy Court") ("Bankruptcy Action"), see Voluntary Petition, In re Bogar, Inc. dba Happy Vacations, No. 09-53046 (Bankr. N.D. Cal. Apr. 23, 2009); and it appearing that plaintiff is listed as a creditor in the Petition, see id. at 10; and it appearing that Marshall has been designated as the responsible individual for Bogar, see Order Designating Responsible Individual, In re Bogar, Inc. dba Happy Vacations, No. 09-53046 (Bankr. N.D. Cal. May 28, 2009); and it appearing that plaintiff is listed on Bogar's Schedule D as a creditor holding a secured claim in the amount of $500,000, see Schedule D - Creditors Holding Secured Claims, In re Bogar, Inc. dba Happy Vacations, No. 09-53046 (Bankr. N.D. Cal. May 22, 2009); and it appearing that Marshall is listed as a co-debtor, and plaintiff is listed as a creditor, on Bogar's Schedule H, see Schedule H - Codebtors, In re Bogar, Inc. dba Happy Vacations, No. 09-53046 (Bankr. N.D. Cal. May 22, 2009); and it appearing that Sequoia owns 100% of Bogar's stock, see Statement of Financial Affairs at 7, In re Bogar, Inc. dba Happy Vacations, No. 09-53046 (Bankr. N.D. Cal. May 22, 2009); List of Equity Security Holders, In re Bogar, Inc. dba Happy Vacations, No. 09-53046 (Bankr. N.D. Cal. May 22, 2009); and

**THE COURT** noting that an action is "related to" bankruptcy if "the outcome of that proceeding could conceivably have any

effect on the estate being administered in bankruptcy," Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis omitted); see also In re Combustion Eng'g, Inc., 391 F.3d 190, 226 (3d Cir. 2004);[1] and the Court noting that to be "related to" bankruptcy, the action need not be against the debtor or the debtor's property, Pacor, Inc., 743 F.2d at 994; and the Court further noting that an "action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate," id.; see also In re Combustion Eng'g, Inc., 391 F.3d at 226; and

**THE COURT** further noting that pursuant to 28 U.S.C. § ("Section") 1412 a district court "may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of

---

[1] The Court of Appeals for the Third Circuit has recognized that the "Supreme Court effectively . . . overruled Pacor with respect to its holding that the prohibition against review of a remand order in 28 U.S.C. § 1447(d) is not applicable in a bankruptcy case. See Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995). But Things Remembered does not disturb the authority of Pacor on the points for which we cite it. In fact, the Pacor test 'has been enormously influential' as a 'cogent analytical framework' relied upon by our sister circuits more than any other case in this area of the law. [In re Guild & Gallery Plus, Inc., 72 F.3d 1171, 1181 (3d Cir. 1996)]." In re Resorts Int'l, Inc., 372 F.3d 154, 164 n.6 (3d Cir. 2004).

the parties," 28 U.S.C. § 1412; see also Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1212 (3d Cir. 1991) (instructing that proper method for transferring related action to bankruptcy court already hearing bankruptcy case is to seek change of venue in the non-bankruptcy forum under Section 1412 and then, in bankruptcy forum, refer the related action to bankruptcy court); Abrams v. Gen. Nutrition Cos., Inc., No. 06-1820, 2006 WL 2739642, at *8 (D.N.J. Sept. 25, 2006) (finding that Section 1412 also applies to transfer of actions "related to" bankruptcy case); and the Court noting that in general, the forum where the bankruptcy case is pending is the proper venue for all actions "related to" that bankruptcy case, Abrams, 2006 WL 2739642, at *9; see also Hohl v. Bastian, 279 B.R. 165, 177 (W.D. Pa. 2002); Krystal Cadillac-Oldsmobile-GMC Truck, Inc. v. Gen. Motors Corp., 232 B.R. 622, 627 (E.D. Pa. 1999); and

**THE COURT** concluding that this action is related to the Bankruptcy Action because the outcome of this action could conceivably affect the estate being administered in bankruptcy, especially since (1) Marshall is the individual responsible for Bogar and a co-debtor, (2) Sequoia owns Bogar, and (3) the $500,000 Note involved in this action is also a secured claim in the Bankruptcy Action, see Pacor, Inc., 743 F.2d at 994; and the Court also concluding that the interests of justice and convenience of the parties favor a transfer of venue to the

Northern District of California, see 28 U.S.C. § 1412; and the Court finding that the Northern District of California is the proper forum since this action is related to the Bankruptcy Action, which is already pending in the Bankruptcy Court, see In re Bogar, Inc. dba Happy Vacations, No. 09-53046 (Bankr. N.D. Cal.); Abrams, 2006 WL 2739642, at *9; and the Court finding that the Bankruptcy Court is more familiar with the Bankruptcy Action and what may be required for efficient administration of the estate, see Abrams, 2006 WL 2739642, at *9 (emphasizing that allowing bankruptcy court to handle all matters related to the bankruptcy estate would promote efficient administration of bankruptcy estate and interest of justice); and the Court finding that the Bankruptcy Court is better positioned to determine how and to what extent this action will affect administration of the bankruptcy estate, see Hohl, 279 B.R. at 178 (recognizing that bankruptcy court would be well-positioned to evaluate effect non-bankruptcy action would have on administration of bankruptcy estate and distribution of its assets); and the Court thus intending to transfer this action to the United States District Court for the Northern District of California; and for good cause appearing, the Court will issue an appropriate order.

                                                s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge

Dated: July 2, 2009