UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN P. FROELICH,                    ) No. 09-3095 SC
                                      )
          Plaintiff,                  )
                                      ) ORDER OF REFERRAL TO
     v.                               ) <u>BANKRUPTCY COURT</u>
                                      )
SEQUOIA LEISURE HOLDINGS, INC., et    )
al.,                                  )
                                      )
          Defendants.                 )
_____)

On July 2, 2009, this case was transferred from the District of New Jersey. <u>See</u> Docket No. 2 ("Mem. Op."); Docket No. 3 ("Order"). District Judge Mary L. Cooper transferred the case to this Court so that it could be referred to the Bankruptcy Court for the Northern District of California based on her determination that the case is related to <u>In re Bogar, Inc. d/b/a Happy Vacations</u>, No. 09-53046 (Bankr. N.D. Cal. Apr. 23, 2009) ("<u>In re Bogar</u>"). Mem. Op. at 4. On August 6, 2009, the Court ordered Plaintiff Brian Froelich ("Plaintiff") to show cause why this case should not be referred to this district's Bankruptcy Court. Docket No. 6 ("Order to Show Cause"). On August 14, 2009, Plaintiff responded to the Order to Show Cause. Docket No. 7 ("Resp.").

On June 5, 2009, Plaintiff sued Sequoia Leisure Holdings, Inc.("Sequoia") and David A. Marshall ("Marshall") for breach of

contract, and breach of the implied covenant of good faith and fair dealing. Docket No. 1 ("Compl.") ¶¶ 44-56, 67-71. Plaintiff sued Marshall for fraud and Plaintiff seeks a declaratory judgment. Id. ¶¶ 57-66. Plaintiff alleges that Marshall was a shareholder and owner of Sequoia; that Sequoia was the sole owner of Bogar, Inc. d/b/a Happy Vacations ("Bogar"); that Plaintiff made a loan to Marshall, Bogar, and Sequoia; that Sequoia and Bogar executed a promissory note in favor of Plaintiff; and that Marshall guaranteed the note. Id. ¶¶ 6-7, 13-39. Plaintiff alleges that Sequoia and Bogar subsequently defaulted on the note, and Marshall defaulted on the guarantee. Id. ¶¶ 40-42.

Bogar filed for bankruptcy in this district on April 23, 2009. In re Bogar, Docket No. 1 ("Voluntary Petition"). Plaintiff is listed as a creditor in the Voluntary Petition. Id. at 10. Marshall has been designated as the responsible individual for Bogar. In re Bogar, Docket No. 24 ("Order Granting Application to Designate Responsible Individual David Marshall"). Plaintiff is listed on Bogar's Schedule D as a secured creditor. In re Bogar, Docket No. 20 ("Summary of Schedules, Statement of Financial Affairs"). On Bogar's Schedule H, Marshall is listed as a co-debtor, and Plaintiff is listed as a creditor. Id. On the Statement of Financial Affairs, Sequoia is listed as Bogar's sole shareholder. Id.

A civil proceeding is related to a bankruptcy matter when "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy. . . . [T]he proceeding need not necessarily be against the debtor or against

1  the debtor's property." In re Fietz, 852 F.2d 455, 457 (9th Cir.
2  1988)(quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir.
3  1984)).  Here, Plaintiff's action against Sequoia and Marshall,
4  originally filed in the District of New Jersey on June 5, 2009, is
5  clearly related to In re Bogar.  Although Bogar is not a defendant
6  in Plaintiff's suit, any determination in this case would have an
7  effect on the estate being administered in In re Bogar, where
8  Plaintiff is listed as a secured creditor, where Sequoia is listed
9  as Bogar's sole shareholder, and where Marshall is designated as
10 the individual responsible for Bogar.
11     Plaintiff's arguments to the contrary are unavailing.
12 Plaintiff cities to Boucher v. Shaw, 572 F.3d 1087 (9th Cir.
13 2009), but in that case, the court did not discuss the test for
14 determining whether a civil proceeding is related to a bankruptcy
15 matter.  Plaintiff points out that In re Bogar has been converted
16 from a Chapter 11 to a Chapter 7 bankruptcy.  Resp. at 6.
17 However, this conversion has no impact on the Court's
18 determination that this case is related to In re Bogar because a
19 Chapter 7 bankruptcy is still a case under title 11 of the United
20 States Code.  The Court concludes that this case is related to In
21 re Bogar.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

3

1   28 U.S.C. section 157 provides that cases "related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). Because this case is related to <u>In re Bogar</u>, the Court ORDERS that this case be referred to the San Jose Division of the Bankruptcy Court for the Northern District of California. The Court DIRECTS the Clerk to refer this case to Bankruptcy Judge Roger L. Efremsky, the Bankruptcy Judge presiding over <u>In re Bogar</u>. The Court VACATES the Show Cause Hearing scheduled for August 28, 2009.

   IT IS SO ORDERED.

   August 24, 2009

   _____
   UNITED STATES DISTRICT JUDGE

4